UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

THE FARM, LLC, d/b/a  
CURATED AMERICAN GETAWAYS, LLC

Case No.: 6:24-bk-00362-LVV

Chapter 11 (Subchapter V)

Debtor,

_____/

## MODIFICATION OF SECOND AMENDED PLAN OF REORGANIZATION

Debtor hereby modifies its Second Amended Plan of Reorganization confirmed on January 10, 2025, to amend Article III Section A(1) to provide for a subsection (d) modifying the treatment of the allowed Chapter 11 administrative expense Claim of TEN TWENTY FOUR, INC., d/b/a BEYOND PRICING ("Beyond Pricing") currently in the amount of $1,044,352.60, as further supplemented pursuant to this Court's Agreed Order Allowing Chapter 11 Expense (Doc. No. 419) (the "Administrative Claim" Order). Beyond Pricing's allowed administrative Claim shall be treated as follows:

1. Monthly payments commencing on August 22, 2025, based on an even 156-month repayment schedule, without interest, with all remaining monthly payments after August 22, 2025, to be made on the 15th day each month.

2. Beyond Pricing shall continue to file (while the case is open) and serve Debtor (whether the case is still open or closed) with administrative claim supplements for any chargebacks incurred after June 30, 2025, as provided by this Court's Administrative Claim Order. Debtor's outstanding repayment amount shall be increased by all such chargebacks and Debtor's monthly repayment obligation shall increase accordingly on the

new outstanding balance based on the remaining term of the repayment period starting with the next payment due.

3. Debtor shall provide quarterly balance sheets and income statements to Beyond Pricing commencing on October 15, 2025, with further statements to be provided on the 15TH day of January, April, July, and October of each year until the allowed administrative Claim of Beyond Pricing is paid in full. Debtor shall also provide Beyond Pricing with copies of all filed federal tax returns within 1 week of filing each such return. Beyond Pricing shall keep all such financial documents from the Debtor strictly confidential; provided, however, that Beyond Pricing may disclose such financial documents to its attorneys and accountants and to the Court as necessary to enforce this Modification or any judgment and otherwise when required by law.

4. Any unpaid amount due Beyond Pricing pursuant to this Modification at the closure of this case shall be excepted from Debtor's discharge. Debtor shall file a motion with the Court prior to the closure of this case for an Agreed Order by the Court providing that any unpaid amount due Beyond Pricing pursuant to this modification upon the closure of this case will be excepted from Debtor's discharge.

5. At the time of the entry of the Order excepting any unpaid amount set forth in paragraph 4 from Debtor's discharge, Debtor shall provide Beyond Pricing with a promissory note in the form attached as Exhibit "A" hereto for any such unpaid amount as provided in paragraph 4 with the same terms as set forth in this modification; provided however that the repayment term of the promissory note shall be reduced by the number of

months Debtor has been in bankruptcy. For example, if Debtor's case is closed in 56 months, the remaining repayment term of the promissory note shall be 100 months.

6. Any monthly payment due Beyond Pricing and not paid when due will be subject to a ten percent (10%) late fee.

7. Should Debtor's average quarterly gross monthly income increase by more than 7% from Debtor's average quarterly gross monthly income as reported on Debtor's previous quarterly income statement, Debtor's monthly payment to Beyond Pricing shall increase by the same percentage amount. By way of example, if Debtor's average quarterly gross monthly income for the second quarter reported on July 15th increases 10% from Debtor's average quarterly gross monthly income for the first quarter reported on April 15th, Debtor's monthly payments to Beyond Pricing commencing July 15th shall increase by 10%. Average quarterly gross monthly income shall mean each month's gross income in each 3-month quarter added together and divided by three.

8. To the extent Debtor prepays the amount due Beyond Pricing under this Modification beyond Debtor's required monthly payments, Beyond Pricing will credit principal 110% of each such prepayment; provided, however, that Debtor shall not be entitled to any prepayment incentive on any increased payment required under paragraph 7.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

9. Beyond Pricing shall be entitled to file a motion to enforce payment or convert the case to Chapter 7 upon Debtor's failure to timely pay two consecutive monthly payments while the case is pending.

Dated: August 25, 2025

| | |
|---|---|
| THE FARM, LLC<br><br>By: _[signature]_<br><br>Print Name: Jacob Martin<br><br>Title: President | /s/ Jeffrey S. Ainsworth<br>Jeffrey S. Ainsworth, Esquire<br>Florida Bar №. 60769<br>E-mail: *jeff@bransonlaw.com*<br>Cole B. Branson, Esquire<br>Florida Bar №. 1049610<br>E-mail: *cole@bransonlaw.com*<br>**BransonLaw, PLLC**<br>1501 E. Concord Street<br>Orlando, Florida 32803<br>Telephone (407) 894-6834<br>Fax (407) 894-8559<br>Attorneys for Debtor |

# EXHIBIT A

Doc ID: 3d3c280c1b434f7a258a57ff26aeaea742124ef5

# **PROMISSORY NOTE**

DATE OF NOTE: _____

AMOUNT OF NOTE: $_____

MATURITY DATE: _____

INTEREST RATE: No interest as provided in attached modification

MAKER: The Farm, LLC, d/b/a Curated American Getaways, LLC

   FOR VALUE RECEIVED, the undersigned **THE FARM, LLC, D/B/A CURATED AMERICAN GETAWAYS, LLC**, having an address of 601 Sycamore St., Unit 6106, Kissimmee, FL 34747 (hereinafter called "Maker"), promises to pay to the order of **TEN TWENTY FOUR, INC., D/B/A BEYOND PRICING** (hereinafter called "Holder"), c/o Julie Brinkman, CEO, 425 2ND St., San Francisco, CA 94107, or at such other place as the Holder of this Note may designate in writing, the principal sum of $_____, in lawful money of the United States, which shall be legal tender in payment of all debts and dues, public and private, at the time of payment; said principal and interest to be paid on the dates and in the manner following, to wit:

   Maker shall make monthly payments of principal on the 15TH day of each month commencing on _____, 2025 in the amount of $_____ for a period of 96 months, subject to adjustments as provided in ¶ 2 and 7 of the attached modification.

   1. Maker and Holder agree to the provisions of ¶¶ 2, 3, 6, 7, 8, and 9 of the attached modification. Maker agrees that it shall be an event of default under this Note should Maker fail to comply with its obligations in ¶¶ 2, 3, 6, or 7 of the attached modification.

   2. Maker and any endorser or guarantor covenant and agree that: (i) this Note or any part of it may, from time to time, be extended or renewed without notice for any period (whether or not longer than the original period of this Note); (ii) the exchange, release, surrender or sale of all or any real or personal property or collateral that may be given to secure the repayment of this Note shall not release or discharge any party obligated on this Note; (iii) the death, incapacity or release of any party liable upon or in respect of this Note shall not release any other such party; and (iv) the obligations of the undersigned are independent and several.

   3. If a default (herein interchangeably referred to as Event of Default or default) be made in the payment of principal (or any installment thereof) when due under this Note or any default with respect to ¶¶ 2, 3, 6, or 7 of the attached modification, and if such default(s) are not cured prior to the expiration of any applicable notice and cure periods set forth herein, Holder shall have, in addition to its remedies under applicable law, the right, at its option, and without

#63608395v1

further notice or demand, to declare the entire amount of this Note remaining unpaid, and all other liabilities of the undersigned or any such liabilities selected by Holder, immediately due and payable, less any unearned interest or other charges and any rebates required by law (it being the intention hereof that under no circumstances shall Holder be entitled to receive at any time charges not allowed or permitted by law or any interest in excess of the maximum allowed by law); to set off against this Note all money owed by Holder in any capacity to the undersigned or any guarantor hereof, whether or not due; and Holder shall be deemed to have exercised such right to set-off and to have made a charge against any such money immediately upon the occurrence of such default even though such charge is made or entered in the books of Holder subsequent thereto.

4. No delay or omission on the part of Holder in exercising any right hereunder shall operate as a waiver of that right or of any other right under this Note. This Note may not be changed orally, but only by an agreement in writing, signed by the party against whom enforcement of any waiver, change, modification or discharge is sought. Presentment, demand, protest, notice of protest and notice of dishonor, any other notices or demands in connection with the delivery, acceptance, performance, default, or enforcement of this note, and all other requirements necessary to hold each of them liable as Maker or endorsers, as applicable, are hereby waived by the undersigned.

5. The undersigned promises to pay all costs of collection incurred by Holder upon the occurrence of any default including, but not limited to, reasonable paralegal and attorney's fees and expenses, whether incurred with respect to collection, trial, appeal, enforcement of any judgment based on this Note, or otherwise; and including attorney's fees incurred in any bankruptcy proceeding.

6. Time is of the essence hereof. Any notice to undersigned shall be sufficiently served for all purposes if mailed by certified mail, return receipt requested, postage prepaid, addressed to the address shown above or any other address shown on Holder's records. All nouns and pronouns contained in this instrument shall mean and include the plural as well as the singular and the use of any gender shall include all genders whenever and wherever the context so admits or requires.

7. This Note shall be governed by Florida law. Each Maker and Endorser waives any "venue privilege" and/or "diversity of citizenship privilege" which they have now or may have in the future, and do specifically agree notwithstanding the provision of any state or federal law to the contrary, that the proper venue for any action which may be brought under this Note, in addition to any other venue permitted by law, shall be the court of appropriate jurisdiction in Orange County, Florida.

8. The undersigned promises to pay the Holder of this Note a "late charge" not to exceed an amount equal to 10% of any payment which is not paid within five (5) days from the due date thereof to cover the extra expense involved in handling delinquent payments.

MAKER AND HOLDER HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT EITHER MAY HAVE TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED

#63608395v1

3

HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS NOTE AND ANY AGREEMENT CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS OF EITHER PARTY.  THIS PROVISION IS A MATERIAL INDUCEMENT FOR THE HOLDER MAKING THE LOAN OR EXTENSION OF CREDIT EVIDENCED BY THIS NOTE.

IN WITNESS WHEREOF, the undersigned has caused this instrument to be executed as of the day and year first written above.

**MAKER**

THE FARM, LLC, D/B/A CURATED AMERICAN GETAWAYS, LLC

By: _____

Print Name: _____

Title: _____

Documentary stamps are not due pursuant to § 1146(c) of the Bankruptcy Code as this Note is given in connection with a confirmed Chapter 11 Plan of Maker.

3

#63608395v1