**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

THE FARM, LLC                                   CASE NO.: 6:24-bk-00362-LVV
                                                CHAPTER 11

      Debtor.
_____/

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

    Ally Bank ("Movant") seeks relief from the automatic stay, pursuant to 11 U.S.C. §362(d), and states:

    1.    On March 1, 2023, the Debtor executed a Motor Vehicle Retail Installment Contract (the "Contract") for the purchase of the following personal property: 2020 Ford Transit Extended Passenger Van T-350 XLT Low Roof 3.5L V6; VIN: 1FBAX2Y85LKA22854 ("Vehicle").

    2.    Movant is the lien holder on the title to the Vehicle. True and correct copies of the Contract and Title are attached hereto as Composite Exhibit "A."

    3.    The Debtor is in default for failure to make required payments. Pursuant to Local Rule 4001-1(c)(1)(C), the following is the default information on the loan as of September 11, 2025: the total amount of the debt owed to Movant was $39,122.24, and the total arrearage was **$13,523.18**. A copy of the payment history is attached as Composite Exhibit "A."

    4.    According to the J.D. Power Official Used Car Guide, the average retail/wholesale value of the Vehicle is $30,275.00. A true and correct copy of the J.D. Power Official Used Car Guide record is attached hereto as Composite Exhibit "A".

    5.    11 U.S.C. §362(d)(1) provides that stay relief should be granted "for cause, including the lack of adequate protection of an interest in property of such party in interest." The

language of §362(d)(1) has been interpreted to include a wide variety of circumstances that constitute "cause" for stay relief. *In re Bryan Road, LLC*, 382 B.R. 844, 854-855 (Bankr. S.D. Fla. 2008) (citing *In re Dixie Broad, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989)).

6. The analysis of determining whether "cause" exists to grant stay relief is left to the discretion of the Court on a case-by-case basis. *Bryan Road, LLC*, 382 B.R. at 854.

7. The totality of the circumstances in each particular case must be considered when making this determination. *Id. (citing In re Aloisi,* 261 B.R. 504, 508 (Bankr. M.D. Fla. 2001); *In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997); *see also In re Emerald Cove Villas, LLC,* 2007 Bankr. LEXIS 864, 8 (Bankr. M.D. Fla. Mar. 2, 2007)).

8. Bankruptcy courts conduct a case-by-case inquiry and apply a totality of the circumstances test to determine whether cause for relief from the automatic stay exists. *In re Laminate Kingdom LLC,* 2008 Bankr. LEXIS 1594 (Bankr. S.D. Fla. Mar. 13, 2008), citing *In re Aloisi,* 261 B.R. 504, 508 (Bankr. M.D.Fla. 2001). The decision to lift the stay is within the discretion of the Bankruptcy Court Judge. *In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1026 (11th Cir. 1989).

9. The circumstances here warrant relief from the automatic stay for cause under 11 U.S.C. §362(d)(1).

10. Cause exists under § 362(d)(1) because the Vehicle is a depreciating asset, and the Debtor has no equity in it.

11. Furthermore, Movant is not receiving post-confirmation payments from the Debtor. If Movant is not permitted to enforce its lien, it will suffer irreparable injury, loss, and damage through continued depreciation and non-payment.

12. Accordingly, Movant seeks a waiver of the 14-day stay under Federal Rule of

Bankruptcy Procedure 4001.

**WHEREFORE**, Movant respectfully requests the Court enter an order:

a. terminating the automatic stay;

b. permitting Movant to take any and all steps necessary to exercise any and all rights it may have in the Vehicle;

c. waiving the 14-day stay imposed to Fed.R.Bankr.P. 4001(a)(4); and

d. granting such other relief that the Court may deem just and proper.

>*/s/ Gavin N. Stewart*
>Gavin N. Stewart, Esquire
>Florida Bar Number 52899
>P.O. Box 5703
>Clearwater, FL 33758
>P: (727) 565-2653
>F: (727) 213-9022
>E: bk@stewartlegalgroup.com
>Counsel for Movant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF notice and first class mail this 8th day of October 2025.

>*/s/ Gavin N. Stewart*
>Gavin N. Stewart, Esquire

**VIA FIRST CLASS MAIL**
The Farm, LLC
601 Sycamore Street Unit 6106
Kissimmee, FL 34747

20 Largest Unsecured Creditor List
(Matrix attached)

**VIA CM/ECF NOTICE**
Jeffrey Ainsworth
BransonLaw PLLC
1501 E. Concord Street
Orlando, FL 32803

Cole Branson
Branson Law
1501 E Concord St
Orlando, FL 32803

Robert B Branson
BransonLaw PLLC
1501 E. Concord Street
Orlando, FL 32803

Jacob D Flentke
BransonLaw, PLLC
1501 East Concord Street
Orlando, FL 32803

Trustee
L. Todd Budgen
Budgen Law
Post Office Box 520546
Longwood, FL 32752

20 Largest Unsecured Creditor List who receive service via CM/ECF (Matrix attached)